**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **YENMA PRENDERGAST, on behalf of** ) | |
| **Herself and other similarly situated** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **GENPACT COLLECTIONS, LLC and** ) | |
| **SYNCHRONY BANK,** ) | **JURY TRIAL DEMAND** |
| ) | |
| **Defendants.** ) | |

**COMPLAINT-CLASS ACTION**

Plaintiff Yenma Prendergast, individually and on behalf of all others similarly situated, allege the following upon information and belief based upon personal knowledge:

**NATURE OF THE CASE**

1.      Plaintiff brings this action individually and on behalf of all others similarly situated, seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Genpact Collections, LLC and Synchrony Bank ("Defendants") in contacting Plaintiff on her cellular telephone in violation of the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq.* ("TCPA"). These calls are harassing, constitute a nuisance, a trespass to chattels, and are an invasion of privacy.

# **JURISDICTION & VENUE**

2.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of Illinois, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, companies with their principal places of business and/or State of Incorporation in New York State, Delaware, and Utah. Plaintiff also seek

up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Northern District of Illinois pursuant to *18 U.S.C. 1391(b)* because Defendants do business within the State of Illinois, within the County of Cook and therefore in the Northern District of California.

## PARTIES

4.      Plaintiff Yenma Prendergrast ("Plaintiff") is a natural person residing in Chicago, Illinois, and is a "person" as defined by *47 U.S.C. § 153(39)*.

5.      Defendant Genpact Collections, LLC ("Defendant Genpact") is a company in the business of collecting debt; and is a "person" as defined by *47 U.S.C. § 153(39)*.

6.      Defendant Synchrony Bank ("Defendant Synchrony") is a company in the business of lending money to consumers, servicing mortgages, and collecting thereon and is a "person" as defined by *47 U.S.C. § 153(39)*.

## FACTUAL ALLEGATIONS

### A.  Factual Allegations Regarding Defendants

7.      Defendant Synchrony is, in part, in the business of offering and servicing a wide range of store-branded credit cards, including the Amazon Credit Card, to consumers throughout the nation.

8.      Defendant Genpact offers outsourced collection services to financial institutions, including Defendant Synchrony.

9. Defendant Synchrony retains Defendant Genpact to service certain delinquent accounts that Defendant Synchrony holds or owns, including placing automated calls using an ATDS or artificial or prerecorded voice to consumers who have fallen behind in their payments.

10. Defendant Synchrony knows that Defendant Genpact places collection calls using an ATDS or artificial or prerecorded voice. Defendant Synchrony directs the manner and means by which Genpact places the calls.

11. During the collection calls that Defendant Genpact initiates, the operator identifies him or herself as affiliated with the Synchrony Bank collections department.

12. Defendant Synchrony ratifies Defendant Genpact's actions by accepting the benefits of Defendant Genpact's calls through continuing to use Genpact to service these accounts despite knowledge that it is using this equipment and messages, and accepting payments on the accounts generated by Defendant Genpact's telephone solicitation activities.

13. Defendants make calls using an ATDS or artificial or prerecorded voice to cellular telephones whose owners have not provided prior express written consent to receive such calls. Plaintiff received such calls without providing any type of prior consent.

14. Defendant also fails to cease such improper calls even after it has been told not to call the customer using an ATDS and/or artificial or prerecorded voice. Plaintiff received such calls even after telling Defendant to cease calling her.

**B.      Defendant Synchrony Is Liable for Calls Placed on Its Behalf**

15. Creditors are strictly liable for TCPA violations of the debt collection agencies that make illegal calls on their behalf. Because Synchrony, a creditor, hired Genpact to service these accounts, including make calls, Synchrony is liable for these calls.

3

16. Alternatively, Defendant Synchrony is vicariously liable for the conduct of Defendant Genpact under ordinary principles of agency because Defendant Synchrony directed or authorized Genpact's conduct constituting the statutory violations alleged herein.

17. Defendant Synchrony established, approved, or ratified Defendant Genpact's policies and practices.

18. Defendant Synchrony accepted the benefits of Defendant Genpact and other vendors' illegal calls by accepting payments from debtors generated by the illegal calls, in spite of knowledge that the payments were generated through the making of illegal calls such as those being challenged here.

19. Defendant Synchrony cloaked Defendant Genpact with apparent/implied authority to act on its behalf, including but not limited to authorizing Genpact to make debt collection calls on its behalf and to use its name in its collection efforts. Alternatively, Genpact made these calls, and Synchrony operators/agents serviced them, in which case Synchrony would have participated in the illegal calls.

20. Defendant Synchrony had the authority and responsibility to prevent or correct the unlawful calling practices of Defendant Genpact and formulated, directed, controlled, and participated in the acts and practices of Genpact that violated the TCPA, including the acts and practices set forth in this Complaint.

21. Under ordinary principles of vicarious liability, Defendant Synchrony is liable for the TCPA violations alleged above because it is directly involved in, authorized, or ratified the Genpact operations that violated the TCPA

C.    **Factual Allegations Regarding Plaintiff**

22.    Synchrony or Genpact on behalf of Synchrony as either a first party collector or third party collector, has called Plaintiff's cellular telephone numerous times within the four years immediately preceding the filing of this complaint.

23.    Plaintiff has received numerous calls to her cellular telephone from several different telephone numbers belonging to Synchrony or Genpact.  For example, in or around December of 2017, Plaintiff has received at least five telephone calls from a number appearing on her caller ID as 877-843-7934; at least one telephone call from a number appearing on her caller ID as 888-392-7917; and at least one telephone call from a number appearing on her caller ID as 844-370-0308.

24.    For some or all of the calls, Plaintiff would answer the call and hear "dead air," even after saying "hello" multiple times.

25.    Plaintiff did not consent to any of these calls.

26.    During on such call in early December 2017, Plaintiff was able to speak with a representative of Synchrony, or Genpact on behalf of Synchrony.  Plaintiff told the representative that she was at work and that Defendants needed to stop calling her.

27.    Despite this conversation, mere days after being instructed to stop calling Plaintiff, Synchrony, or Genpact on behalf of Sycnhrony, began calling Plaintiff's cell phone again. Defendants have placed at least five telephone calls to Plaintiff's cellular telephone after being instructed to stop calling Plaintiff.

28.    Genpact and Synchrony know all about the TCPA's prohibitions against using an autodialer to call cell phones. They have been sued for such violations many times. It made the calls in spite of this knowledge.

29.     Plaintiff and the class have been substantially damaged by defendants' calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

## CLASS ALLEGATIONS

30.     Plaintiff brings this action individually and on behalf of all others similarly situated, as members of the proposed class (hereafter the "Class") defined as follows:

> All persons within the United States to whom (a) Defendant Synchrony or a third party acting on Defendant Synchrony's behalf (b) in an effort to collect payment on debts alleged owed to Defendant Synchrony, (c) placed calls (d) to their cellular telephone (e) through the use of any automatic telephone dialing system or an artificial or prerecorded voice (f) within the four years prior to the filing of this Complaint.

31.     Plaintiff also brings this action on behalf of the following Subclass defined as follows:

> All persons within the United States to whom: (a) Defendant Genpact, (b) in an effort to collect payment on mortgages owned by Defendant Synchrony, (c) placed calls (d) to their cellular telephone numbers (e) through the use of any automatic telephone dialing system or an artificial or prerecorded voice (f) within the four years prior to the filing of this Complaint.

32.     Plaintiff represents, and is a members of, the Class and Subclass. Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' employees and agents are excluded from the Class and Subclass. Also excluded are the judge to whom this case is assigned and any member of the judge's

immediate family.

33.     Plaintiff does not know the number of members in the Class and Subclass, but believe the Class and Subclass members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

34.     The Class and Subclass are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class and Subclass members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believe and thereon allege that the Class and Subclass include thousands of members. Plaintiff alleges that the Class and Subclass members may be ascertained by the records maintained by Defendants.

35.     Plaintiff and members of the Class and Subclass were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and Class and Subclass members via their cellular telephones, thereby causing Plaintiff and Class and Subclass members to incur certain charges or reduced telephone time for which Plaintiff and Class and Subclass members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and Class and Subclass members. Additionally, these illegal calls tied up the cell phones of Plaintiff and the class, which had the purpose and effect of preventing them from using their phones for legitimate purposes.

36.     Common questions of fact and law exist as to all members of the Class and Subclass which predominate over any questions affecting only individual members of the Class and Subclass.  These common legal and factual questions, which do not vary between Class and Subclass members, and which may be determined without reference to the individual

circumstances of any Class and Subclass members, include, but are not limited to, the following:

a.     As to Plaintiff and the Class and Subclass, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

b.     As to Plaintiff and the Class and Subclass, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiff and the Class and Subclass to treble damages;

c.     Whether Defendants are liable for ATDS generated and/or artificial or prerecorded voice calls attempting to collect debt owed to Defendants made by Defendants' affiliates, agents, and/or other persons or entities acting on Defendants' behalf; and

d.     Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf should be enjoined from violating the TCPA in the future.

37.     As persons who received numerous collection calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent, Plaintiff is asserting claims that are typical of the Class and Subclass.

38.     Plaintiff will fairly and adequately protect the interests of the members of the Class and Subclass. Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer class actions and TCPA class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and Subclass, and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary

to or that conflict with those of the proposed Class and Subclass.

39.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Subclass members is impracticable. Even if every Class and Subclass member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class and Subclass member.

40.     Defendants have engaged in a common course of conduct toward Plaintiff and Class and Subclass members. The common issues arising from this conduct that affect Plaintiff and Class and Subclass members predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

41.     The prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class and Subclass members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class and Subclass members to protect their interests.

42.     Defendants have acted or refused to act in respects generally applicable to the Class and Subclass, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class and Subclass appropriate on a class-wide bases. Moreover, on

information and belief, Plaintiff alleges that the automated calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(b)(1)(A)**

43. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the preceding paragraphs.

44. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and Class and Subclass members using an ATDS and/or artificial or prerecorded voice.

45. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of *47 U.S.C. § 227(b)(1)(A)*, Plaintiff and Class and Subclass members presumptively are entitled to an award of $500.00 in statutory damages for each and every call to their cellular telephone numbers using and ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

46. Plaintiff and Class and Subclass members are also entitled to and seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

<u>SECOND CAUSE OF ACTION</u>
**Knowing and/or Willful Violations of the
Telephone Consumer Protection Act
47 U.S.C. §227(b)(1)(A)**

47.　　Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the preceding paragraphs.

48.　　The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and Class and Subclass members using an ATDS and/or artificial or prerecorded voice.

49.　　As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's knowing and/or willful violations of the TCPA, *47 U.S.C. § 227(b)(1)(A)*, Plaintiff and Class and Subclass members are entitled to treble damages of up to $1,500.00, for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

50.　　Plaintiff and Class and Subclass members are also entitled to and seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, *47 U.S.C. § 227(b)(1)(A)*, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

51.　　Plaintiff and Class and Subclass members are also entitled to an award of attorneys' fees and costs.

11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, pray for judgment against Defendants as follows:

A.      Certification of the proposed Class and Subclass;

B.      Appointment of Plaintiff as representative of the Class and Subclass;

C.      Appointment of the undersigned counsel as counsel for the Class and Subclass;

D.      A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendants and/or their affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.      An award to Plaintiff and the Class and Subclass of damages, as allowed by law;

G.      An award to Plaintiff and the Class and Subclass of attorneys' fees and costs, as allowed by law and/or equity;

H.      Leave to amend this Complaint to conform to the evidence presented at trial;

I.      Prejudgment interest; and,

J.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY

52.      Plaintiff demands a trial by jury for all issues so triable.


/s/ David M. Marco


Larry P. Smith
David M. Marco
**SMITHMARCO**, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
(312) 546-6539
(888) 418-1277 (fax)
lsmith@smithmarco.com
dmarco@smithmarco.com

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
Co-Counsel for Plaintiff